IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

**FILED**
DISTRICT COURT
OKLAHOMA COUNTY, OKLAHOMA
April 24, 2025 10:55 AM
RICK WARREN, COURT CLERK
Case Number CJ-2025-550

**DEBORAH WALKER,**

    Plaintiff,

v.

**BLUE OKC 2905 LLC, d/b/a
JOHNNY CARINO'S ITALIAN #970,**

    Defendant.

Case No. CJ-2025-550
Honorable Judge Natalie Mai

## AMENDED PETITION

Plaintiff Deborah Walker, by and through her attorney, Joe Carson, asserts the following in support of the Petition against Defendant Blue OKC 2905 LLC d/b/a Johnny Carino's Italian #970:

### THE PARTIES

1. Plaintiff Deborah Walker is a resident of Oklahoma County, State of Oklahoma.
2. Defendant Johnny Carino's Italian #970 is a tradename for Blue OKC 2905, LLC which is a Domestic Limited Liability Company authorized to do business in the State of Oklahoma.

### JURISDICTION AND VENUE

3. This is an action arising from a trip and fall incident that occurred in Oklahoma County, Oklahoma, when Defendant was negligent in causing the incident that is the subject of this action.
4. This Court has jurisdiction over the parties hereto, jurisdiction of the subject matter hereof, and venue is proper.

### THE CAUSE OF ACTION

5. On or about the 9th day of April 2022, Plaintiff tripped and fell when Defendant failed to maintain their store in a reasonably safe condition.
6. The trip and fall occurred inside Defendant's store, Johnny Carino's Italian #970, located at 2905 W Memorial Rd, Oklahoma City, OK 73134.

1

7. Plaintiff, an invitee, was walking in the front door of the store when she suddenly and unexpectedly tripped and fell on the rug in front of the host stand.
8. The significant impact from the fall hurt Plaintiff and caused the injuries and damages to them that are described below.
9. At all times Plaintiff was acting in a safe and prudent manner.

## DUTIES OWED BY DEFENDANT

10. Defendant was required to follow the safety rule of making a reasonable effort to keep their property safe and free of any unsafe condition that might be a danger to Plaintiff and others.
11. Defendant was required to follow the safety rule of inspecting their property and/or park for hazards that might cause an unsafe condition for Plaintiff and others to trip and/or fall.
12. Defendant was required to follow the safety rule of inspecting all areas of their property that they know could cause or could be a dangerous hazard that might cause Plaintiff or others to trip and/or fall.
13. Defendant was required to follow the safety rule of warning visitors to the property of any hazards that Defendant knew or should have known about but that may be unaware of, for the safety of Plaintiff and others.
14. Defendant was required to follow the safety rule of using ordinary care for the safety of Plaintiff and others.
15. Defendant was not allowed to endanger Plaintiff or anyone else by violating the safety rules listed above.

## DUTIES VIOLATED BY DEFENDANT

16. At the time of the trip and fall, Defendant violated the duty to follow the safety rule of making a reasonable effort to keep their property safe and free of any hazardous condition that might be a danger to Plaintiff and others.
17. At the time of the trip and fall, Defendant violated the duty to follow the safety rule of inspecting their property for hazards that might cause Plaintiff or others to trip or fall.

2

18. At the time of the trip and fall, Defendant violated the duty to follow the safety rule of inspecting all areas of their property that they know could cause hazardous conditions that might cause Plaintiff or others to trip or fall.
19. At the time of the trip and fall, Defendant violated the duty to follow the safety rule of warning visitors to their property of any hazards that Defendant knew or should have known about but that visitors may be unaware of, for the safety of Plaintiff and others.
20. At the time of the trip and fall, Defendant violated the duty to follow the safety rule of using ordinary care, which endangered the safety of Plaintiff and others.
21. At the time of the trip and fall, Defendant endangered Plaintiff and others by failing to follow the safety rules listed above.

## **COMPENSATORY DAMAGES SUSTAINED BY PLAINTIFF**

22. The injuries and damages sustained by the Plaintiff as a result of Defendant's violations of the above-described safety rules, include but are not limited to the following: Pursuant to the provisions of 12 O.S. §3226(A)(2)(a), Plaintiff submits this preliminary computation of damages sought in this lawsuit. As this is an action for injuries suffered by an adult, Plaintiffs advise that all damages recoverable by law are sought, including those listed in OUJI3d 4.1. Under item (K), Plaintiff's medical bills to date are in the approximate amount of $$52,833.73, which amount is subject to increase. These items are among the elements for the jury to consider in fixing the amount of damages to award to Plaintiff. Other than the amounts which Plaintiff has specifically identified, and which are capable of being ascertained to some degree of certainty, Plaintiff is unable to guess or speculate as to what amount of damages a jury might award. The elements for the jury to consider include the following:

    A.    Plaintiff's physical pain and suffering, past and future;
    B.    Plaintiff's mental pain and suffering, past and future;
    C.    Plaintiff's age;
    D.    Plaintiff's physical condition immediately before and after the accident;
    E.    The nature and extent of Plaintiff's injuries;
    F.    Whether the injuries are permanent;
    G.    The physical impairment;
    H.    The disfigurement;
    I.    Loss of [earnings/time];
    J.    Impairment of earning capacity;

K.  The reasonable expenses of the necessary medical care, treatment, and services, past and future.

## AMOUNT OF DAMAGES

23. Plaintiff's injuries and damages are greater than the amount required for diversity jurisdiction under 28 USC 1332 (currently $75,000.00). Plaintiff prays for judgment in an amount greater than $75,000.00, plus interest, costs and all such other and further relief for which should be awarded as judgment against Defendant in an amount to fully and fairly compensate Plaintiff for each and every element of damages that has been suffered.

## RESERVATION OF ADDITIONAL CLAIMS

24. Plaintiff reserves the right to plead further upon completion of discovery to state additional claims and to name additional parties to this action.

WHEREFORE, Plaintiff prays for judgment against the Defendant in a sum in excess of the amount required for diversity jurisdiction under 28 USC 1332 (currently $75,000.00) plus interest, costs, punitive damages and all such other and further relief as to which Plaintiff may be entitled.

Respectfully submitted,

WARHAWK LEGAL

_____
Joe Carson, OBA#19429
3721 N. Classen Blvd.
Oklahoma City, OK 73118
Telephone: (405) 397-1717
Facsimile: (405) 241-5222
E-mail: joe@warhawklegal.com
*Attorneys for Plaintiff*

**ATTORNEY LIEN CLAIMED**

4